CUMMINGS *vs.* TINDALL, ex'or.

CUMMINGS *vs.* TINDALL, ex'or.

1. *It seems*, that an executor may maintain detinue, for the title papers of land, owned by his testator, without a special averment in the declaration, of his right to sue.

2. In detinue for the patents of several tracts of land, the jury should assess the value of each patent separately: and an omission to do so, is error.

This was an action of detinue, for the recovery of two patents, for two lots of land, prosecuted by the defendant in error, in Tuskaloosa Circuit Court, as executor of Elias L. Payne.

The declaration was in the common form, composed of one count, and alleged that Payne, the intestate, possessed them of his own property; but averred no right to them in the plaintiff, except as executor of Payne. To this declaration there was a general demurrer; which being overruled, a writ of enquiry was executed and verdict and judgment entered for the plaintiff, in the following terms, to wit:

"This day came a jury. who being sworn," &c. " upon their oaths, do say, that the said patents are of the value of seventy-five dollars. It is, therefore, considered by the Court, that the plaintiff recover against the defendant, the patents executed by James Monroe, President of the United States, to the plaintiff's testator, for the lots of land numbered five hundred and four, and five hundred and six, in the town of Tuskaloosa, in the declaration mentioned, if the plaintiff can not have again the said patents : and also costs by him, about his suit in this

behalf expended: and the defendant, in mercy,"
&c.

At a subsequent term a motion was submitted, for
an amendment of the judgment; and it was consi-
dered by the Court, that the entry of judgment be
amended, by inserting therein the words—" if they
can be had," after the word, " mentioned :" and also
by inserting the words—"then the sum of seventy-
five dollars, the value of the same," after the word,
" patents."

Upon this judgment the defendant obtained a writ
of error, and insisted—

1st. That an executor, barely because he is exe-
cutor, has no authority to maintain dedinue for deeds
for lands of his intestate—they belonging to the heir.

2dly. That, in detinue for several articles, the ver-
dict and judgment must sever their respective va-
lues—else it is error.

*Stewart*, for the plaintiff in error.

The Court erred in overruling the demurrer: it
was an action by the executor—3 Comyn's Digest,
5, 6, 7, (tit. Charter.)   Charters belong to the heir,
and not to the executor.   It is laid down, that the
executor can not have an action for muniments of ti-
tle, lost in the life-time of the testator.—Fitz. Nat.
Brev. 325: because a mere showing by him, as exe-
cutor, does not entitle him to them—he must exhibit
his title.

The detinue is for two patents, the value of which
must be found separately.—1 Sel. N. P. 699; Bul-
ler's N. P. 51.   This principle is founded on the fact,
that the defendant may give up the specific arti-

cles, or pay their value. It is, therefore, error, to have found them *both* of the value of seventy-five dollars.

*Ellis,* contra.—The declaration alleges, that the patents came to the possession of defendant below, in the life-time of the plaintiff. Suppose the land had been willed away—it would then have been absolutely necessary for the executor to have the patents, in order to carry the will into effect. A *prima facie* shewing was sufficient to entitle the executor to sue; and if the defendant doubted this right, he should have plead, and thus tested the question. If the defendant be the heir, why not show it—and not permit the fact to be determined on demurrer.

By the statutes, all lands are subject to the payment of debts: and the executor has the power to sell for that purpose.—Toul. Dig. 327; 6 Mass. Rep. 394.— But independent of this, upon principle, the executor is always entitled as against a stranger. If defendant was otherwise, he should have shewn it.

The rule, as to a separate finding, does not apply here.—14 Com. Law Rep. 242. The lots, for which the patents were given, were connected; and the muniments of title, savor of the realty. The patents might well have been returned together—because a giving back one, and retaining the other, would not comply with the judgment.

TAYLOR, J.—I shall notice but two of the objections which have been taken to the proceedings and judgment of the Circuit Court.

1st. The executor could not maintain the action,

without showing, by averments in his declaration, a right to sue, as he cannot, simply as executor, maintain the action.

2d. The verdict of the jury should have found the value of each patent, separately.

It cannot be denied but that, in general, the heir is entitled to the possession of the muniments of title to real estate; and that he may sue the executor and recover them, unless from some provision in the will, or (under our statutes,) the insufficiency of the personal estate, the executor has a superior right to them. But it certainly does not follow, from this, that the executor cannot maintain an action against a stranger. It often happens, that two persons have a right of action, in different characters, for the same injury; although one of them may afterwards recover against the other. A factor may sue for property consigned to him, in the hands of a third person, or for an injury which it has sustained while in the possession of a carrier; although he would afterwards be liable to the suit of the owner: and a recovery by the factor would entirely discharge the carrier or stranger from all claim of the owner; and this results from the factor's having a qualified property in the subject matter of the suit.

So, in this case, the executor may sustain an action against the defendant; although he may be liable over to the heir. The representative has a qualified property in the title papers, especially under our statutes; which authorize a sale of the lands, to pay the general debts of the deceased, if there be a deficiency in the personal property to effect that object.

The authorities cited by the plaintiff in error, to show that the executor can not sustain the action, are exceptions to the general rule: they specify particular cases in which the heir alone, can sue; but do not lay this down as the general doctrine.

Fitzherbert, in his *natura brevium*, (page 325) says, "if my father be disseised and dieth, I shall have a detinue for the charters, although I have not the land, and the executors shall not have the action for them."

The natural presumption, from this passage, is, that, in the general, the executors shall have the action; or why the use of this negative language, with respect to them? And so of the other cases which are specified in the same authority: and of the cases instanced in 3d Comyn's Digest, page 6.

And that this is not the general doctrine in England, is evident from the case of *Hall and Wife* vs. *White*,[a] In that case, Mrs. Hall was the surviving executrix of one Calaway, and as such, sued the defendant, who was the executor of one Woolford, who had been the co-executor of Mrs. Hall, till his death. The declaration alleged, that the plaintiff had delivered the deeds to the defendant to be re-delivered upon request, but did not set out any other right to the deeds than as executor, generally. It was not denied, but that the plaintiffs had a right to recover in their character of surviving executors; but the only question was, as to the possession of the defendant. The allegation, that the plaintiffs had delivered the deeds to the defendant, was mere matter of form: the proof was, that they had been in

[a] 14 Eng. Com. Law Rep 242.

the hands of Woolford during his life; and the judgment was for the plaintiffs.

*6 Massa. Rep. 394.* But the case of *Towle* vs: *Lovet*,[b] is precisely in point, and, indeed, stronger than the one at bar. In that case, the action of detinue, for the title deeds, was brought by the administrator: and it was objected, that it could not be sustained—but the Court held, that it was well brought. The opinion was delivered by that able and enlightened jurist, Chief Justice *Parsons ;* who said, " the defendant, although a stranger to the land, having no interest in it, has denied the plaintiff's right to maintain this action, because the charters of inheritance, at common law, belong to the heir, and not to the administrator. We are satisfied, that in this State an administrator can maintain this action. In this State lands are assets, in the hands of an administrator, for the payment of debts, on a deficiency of personal estate: and in selling them it may be necessary for him to exhibit the title deeds to persons who propose to purchase. So, if the intestate has sold the lands with warranty, and after his decease an action is brought to evict the purchaser, by a party claiming under a paramount title, the administrator may be sued in an action of covenant broken, if the purchaser be evicted; and damages recovered; he may, therefore, have an interest to furnish the purchaser with the title deeds, to defend his title under the purchase. For these reasons, in this State, the administrator has an interest, as against a stranger to the lands, who can have no color of right to the deeds."

This reasoning seems to me, to be unanswerable; and it is equally as applicable to Alabama, as Mas-

sachusetts.    Here, too, the administrator may make the real estate liable, in the event of a deficiency of the personal, to pay debts ; and he is equally subject to be sued upon the covenants of the decedent, if the land has been sold with warranty.

Certainly the circumstance of there being no Chancery Courts in Massachusetts, can not vary the legal decision on a case of this kind: it is purely a legal inquiry.

If it were necessary to prove any right in the plaintiff to recover the deeds, other than his being the executor of the person who was entitled to them, as that the real estate was vested in him by the will, &c: I should be of opinion, that such proof could be made without any special averment in the declaration.    The form of the declaration in detinue, is a fiction, and any facts authorising a recovery, can be proved without making special averments of them.

I therefore, think the action may well be maintained, as it has been brought.

On the second point, however, the case must be reversed—as it was certainly necessary that the jury should have assessed the value of each patent, distinctly.    This is admitted to be the rule, as to personal property ; but a distinction has been attempted, where title papers are the subject of the action. Did the papers relate to the title of the same land, there might be some reason for the distinction; but as this is not the case, I can see none—nor has any authority been adduced tending to sustain the verdict.

I therefore, think the judgment should be reversed and the cause remanded : and this is the unanimous opinion of the Court, on the last point. On the first, however, the majority give no opinion, as to a right to recover generally; though it is the opinion of the majority, that the plaintiff is authorised to prove that the title to the deeds is vested in him, and is not in the heir, without a special averment.